United States District Court
Southern District of Texas
**ENTERED**
August 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAUL ALLEN YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00089 |
| | § | |
| CITY OF ROCKPORT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CASE**

Plaintiff Paul Allen Young, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For the reasons stated below and for purposes of 28 U.S.C. §§ 1915A and 1915(e)(2), the undersigned recommends that the Court:

- **DISMISS with prejudice** Plaintiff's false arrest and false imprisonment claims against the City of Rockport, the City of Aransas Pass, and Aransas County as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*;

- **DISMISS with prejudice** Plaintiff's claims against Burns, Vanmeador, Solis, Aradt, Pena, and Browning in their individual capacities – arising from their conduct in denying Plaintiff addresses or providing wrong addresses – as frivolous or for failure to state a claim upon which relief can be granted; and

- **DISMISS with prejudice** Plaintiff's municipal liability claims against Aransas County – arising from ACDC officials denying Plaintiff addresses or providing wrong addresses – as frivolous or for failure to state a claim upon which relief can be granted.

The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is confined as a pretrial detainee at the Aransas County Detention Center (ACDC) in Rockport, Texas.  Plaintiff's allegations in this case arise in connection with his current confinement.

Plaintiff named the following Defendants in his original complaint: (1) the City of Rockport; (2) Aransas County; and (3) the City of Rockport/Aransas County. (D.E. 1 pp. 1, 3). Plaintiff alleged in a vague, conclusory, and mostly confusing manner that there was a failure to register and failure to comply.  (*Id.* at 3-4).  These allegations targeting Defendants' failures related to Plaintiff's complaint about the "system" not being updated with regard to the listing of a now deceased sex offender who had been living near Plaintiff.

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g).

(*Id.* at 4). Plaintiff then complained that he had asked for addresses involving "multiple legal aspects" but that he was not given the correct addresses, thus leading him to file this action. *Id.* Without providing any information regarding why he was taken into custody at the ACDC in the first place, Plaintiff sought the dismissal of unspecified charges brought against him as well as monetary relief. *Id.*

At the Court's direction, Plaintiff has filed a More Definite Statement.  (D.E. 12). Plaintiff alleges the following pertinent facts in his More Definite Statement.  Plaintiff states that he is 34 years old.  (*Id.* at 7).  He is 6 feet tall and weighs 200 pounds.  *Id.* Plaintiff has been held in custody at the ACDC on the following dates: (1) from November 30, 2021 through December 5, 2021; (2) from June 4, 2022 through August 3, 2022; and (3) from November 8, 2022 through the time he filed his More Definite Statement.  (*Id.*). Plaintiff has been charged with multiple counts of failure to register as a sex offender and failure to comply with sex offender registrations.  (*Id.*).  Plaintiff was appointed counsel, Douglas Defratus, to represent him in his Aransas County criminal proceeding.  *Id.* at 2.  A trial was set for May 17, 2023.  *Id.*

In June 2021, Plaintiff attempted to register as a sex offender by listing his grandmother's address.  (*Id.* at 8).  Plaintiff states that Detective Downing is in charge of the Aransas Pass Police Department's Sex Offender Online Registration System.  (*Id.* at 18).  Plaintiff was told by an unidentified official that he could not list his grandmother's address because a city ordinance prevents sex offenders from living 1000 feet from each

other.  (*Id.* at 8). Another sex offender, David Barrios, was registered at an address within 1000 feet from Plaintiff.  (*Id.*).  This event caused Plaintiff to be homeless.  (*Id.*).

On November 4, 2021, Plaintiff was arrested for failure to register.  (*Id.*).  However, Plaintiff did not know at that time that Barrios had died in February 2021, nearly four months before Plaintiff tried to register at his grandmother's address.  (*Id.*).  According to Plaintiff, the Aransas Pass Police Department had failed to update its Sex Offender Online Registration System, since it showed that Barrios was registered as of June 2021 when Plaintiff initially attempted to register.  (*Id.* at 8-9, 12).

As of November 2022, the sex offender database had yet to be updated.  (*Id.* at 9, 13). As of December 2022, the Aransas Pass Police Department again had failed to update the sex offender database as it still showed Barrios as being registered.  (*Id.* at 13).  After learning about the passing of Barrios, Plaintiff brought this matter to the attention of the Aransas Pass Police Department.  (*Id.*).  Plaintiff was subsequently able to register at his grandmother's address, but his ability to register successfully occurred after he had been charged with three counts of failure to register as a sex offender.  (*Id.*).   According to Plaintiff, he is required to register every 90 days.  (*Id.*).  However, Plaintiff was first charged with failure to register as a sex offender in September 2021 and then only sixty days later in November 2021.  (*Id.*).

Plaintiff called the Aransas Pass Police Department to make an appointment to register in May 2022.  (*Id.*).  Plaintiff notified the department that he had tested positive for COVID-19 and did not want to travel to a public facility to risk infecting anyone else.

(*Id.*).  Plaintiff's appointment was moved to June 7, 2022.  (*Id.* at 10).  Plaintiff was reassured that he would not get in trouble for moving the appointment to June 7, 2022 because Plaintiff had called to make an appointment and "it was their decision to push [his] appointment back that far due to [Plaintiff] having[Covid-19]."  (*Id.*).

However, Plaintiff was arrested on June 4, 2022 for failure to comply and register as a sex offender.  (*Id.* at 9-11).  Detective Downing was one of the arresting officers.  (*Id.* at 19).  Plaintiff still tested positive for COVID-19 at the time of his arrest.  (*Id.* at 10).  Plaintiff, therefore, could not make his June 7, 2022 appointment.  (*Id.* at 11).  As a result of his inability to register due to the actions of the Aransas Pass Police Department, Plaintiff has lost his job and has suffered psychological and emotional distress.  (*Id.* at 13-14).

Plaintiff sought to obtain the following addresses while confined as a pretrial detainee at the ACDC: (1) the Texas Rangers; (2) the Federal Bureau of Investigations ("FBI"); (3) the Attorney General's Office of the 36th District, the United States District Court, and the DPS office in Aransas Pass.  (*Id.* at 15).  Plaintiff states that he sought to gain information from these officials with regard to having his criminal case "overlooked" and the filing of a prisoner civil rights case to challenge the charges filed against him.  (*Id.*).  Plaintiff further sought to elicit information about a separate murder case.  (*Id.*).  Plaintiff sought the addresses from the following ACDC officials: Burns, Vanmeador, Solis, Aradt, Pena, and Browning.  (*Id.* at 16).  Plaintiff either did not receive a response from these officers or received wrong addresses.  (*Id.*).

Plaintiff also sought multiples times to get the addresses from his attorney, Mr. Defratus, who did not respond.  (*Id.* at 17).  Plaintiff acknowledges that, after months of seeking the right addresses starting in November 2022, his mother ultimately provided him with the correct addresses and phone numbers to contact the officials and entities listed above.  (*Id.* at 16).

Plaintiff clarifies in his More Definite Statement that he seeks monetary relief as well as all of his charges dropped.  (*Id.* at 21).

## III.   GOVERNING LAW

### A.  Legal Standard for Screening of Plaintiff's Action

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to

present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

**B.  Relevant law regarding 42 U.S.C. § 1983**

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C.

§ 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).  There is no vicarious or *respondeat superior* liability of supervisors under section 1983.  *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987).  *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury."  *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).. "A policy is normally an official statement, ordinance, or regulation, but in certain circumstances a persistent, widespread practice that is so commonplace as to constitute a custom can also be treated as policy."  *McNeil v. Caruso*, No. 17-01688, 2019 WL 1435831, at *2 (M.D. La. Mar. 28, 2019) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)).

## IV.   DISCUSSION

### A.  False Arrest and False Imprisonment

Plaintiff alleges that: (1) the Aransas Pass Police Department failed to update their Sex Offender Online Registration System, which would have allowed him to register as a

sex offender living at his grandmother's house; (2) if the sex offender database had been updated properly, Plaintiff would not have been charged multiple times in Aransas County for failing to register and would have made his June 7, 2022 appointment; (3) the Aransas Pass Police Department continued to pursue charges against Plaintiff and detain him even though he ultimately was able to register as a sex offender using his grandmother's address. (*Id.* at 17-19).  With respect to these allegations, Plaintiff clarified in his More Definite Statement that he seeks to sue the City of Rockport, the City of Aransas Pass, and Aransas County.[2]  (*Id.* at 20).  He asks this Court for monetary relief as well as injunctive relief in the form of having his criminal charges in Aransas County dropped.  (*Id.* at 17, 21).

Liberally construed, Plaintiff claims that he was falsely arrested and imprisoned on various charges of failing to register as a sex offender in 2021 and 2022.  The Court must first consider whether Plaintiff's false arrest claims against the City of Rockport, the City of Aransas Pass, and Aransas County are barred by the holding set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).   It is unclear whether either or any of the City of Rockport, the City of Aransas Pass, or Aransas County should be the proper defendant with regard to Plaintiff's claims of false arrest and false imprisonment.[3]   Notwithstanding whether Plaintiff has identified a proper defendant, his claims are barred by *Heck* for the reasons discussed below.

---

[2] In a separate order, the Court has substituted the City of Aransas Pass in place of the defendant listed as "City of Rockport-Aransas County."

[3] Plaintiff does not name the Aransas Pass Police Department as a party defendant.  Indeed, Plaintiff cannot sue the police department because it is a nonjural entity and, therefore, lacks the capacity to be sued under § 1983. *See Crawford v. Collin Cnty. Det. Facility*, No. 4:20-CV-668-RAS-CAN, 2022 WL 4459855, at **2-3 (E.D. Tex. Aug. 18, 2022), *recommendation adopted*, 2022 WL 4449315 (E.D. Tex. Sept. 22, 2022) (recognizing that a sheriff's office does not have jural existence and cannot be a proper party to a lawsuit).

In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87.  A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  *Id.*  If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*  The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid.  *See Mann v. Denton Cnty., Tex.*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).

The Fifth Circuit Court of Appeals has held that, to the extent a plaintiff's allegations concern pending criminal charges, a dismissal under *Heck* is premature and, therefore, erroneous.  *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).  Instead, the district court should stay the § 1983 proceedings until the state criminal proceeding has run its course.  *Mackey*, 47 F.3d at 746.  In other words, if a plaintiff files a false arrest or false imprisonment claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action

until the criminal case or the likelihood of a criminal case is ended. *Wallace v. Kato*, 549

U.S. 384, 393-94 (2007). It follows that if the plaintiff is ultimately convicted, and if the

stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the

civil action will proceed, absent some other bar to suit. *Id.* at 394 (citing *Edwards v.*

*Balisok*, 520 U.S. 641, 649 (1997)); *Heck*, 512 U.S. at 487.

Here, Plaintiff's Aransas County criminal proceeding – where he was charged with

various counts of failing to register as a sex offender – was pending at the time he filed this

action. (*See* D.E.'s 1 & 12). Public records show that, on May 22 2023, Plaintiff was

convicted of three counts of failing to register or otherwise comply with his duty to register

as a sex offender in Aransas County. *See* TDCJ Offender Search Website, *available*

*at* https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=08323878          (last

visited on August 23, 2023). Each of these convictions reflect offense dates that

correspond with Plaintiff' allegations about the dates where he was charged with failing to

register as a sex offender in 2021 and 2022. *Id.*

Because Plaintiff's Aransas County criminal proceeding has resulted in convictions

on various charges of failing to register or comply with his duty to register as a sex offender,

any ruling in Plaintiff's favor on his false arrest or false imprisonment claims challenging

the actions of the Aransas Pass Police Department would necessarily imply the invalidity

of such convictions.[4] *Heck*, 512 U.S. at 487. Since no court has reversed or otherwise

---

[4] To the extent that Plaintiff's claims could be construed as malicious prosecution claims, they would also fail as his Aransas County criminal proceeding resulted in convictions and not in a favorable termination of his charges brought against him. *See Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022) (holding that, to demonstrate a "favorable termination" of a criminal prosecution for purposes of a malicious prosecution claim, a plaintiff "need only show that the criminal prosecution ended without a conviction").

invalidated Plaintiff's Aransas County convictions, Plaintiff's claims seeking monetary and injunctive relief are barred by *Heck*. *Id.*

Furthermore, in his More Definite Statement, Plaintiff asks the Court to drop all of the charges for failing to register as a sex offender brought against him in Aransas County. (D.E. 12, pp. 17, 21). Plaintiff, however, cannot challenge the legality of his confinement or seek his immediate release from confinement in a § 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). Such claims may only be raised in a petition for federal habeas corpus relief filed pursuant to 28 U.S.C. § 1983 after the exhaustion of state remedies. *See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)*; *Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997)*.

Because Plaintiff's § 1983 claims of false arrest and false imprisonment against the City of Rockport, the City of Aransas Pass, and Aransas County are barred by *Heck* as premature, the undersigned recommends that these claims be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[5]

### B. Failing to Provide Addresses

Plaintiff alleges that several ACDC officers either failed to respond to his request to provide him with the addresses of several entities and officials or that the ACDC officers provided Plaintiff with the wrong addresses. (D.E. 12, pp. 15). Plaintiff states that he sought to gain unspecified information from these officials with regard to having his criminal case "overlooked" and the filing of a prisoner civil rights case to challenge the

---

[5] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

charges filed against him.  (*Id.*).  Plaintiff further sought to elicit information about a separate murder case.  (*Id.*).

Plaintiff indicates that he was unsuccessful in getting addresses from the following ACDC officials: Burns, Vanmeador, Solis, Aradt, Pena, and Browning.  (*Id.* at 16-17).  Liberally construed, Plaintiff sues Burns, Vanmeador, Solis, Aradt, Pena, and Browning in their individual and officials capacities.[6]  In a separate order, the Court has added these ACDC officers as defendants in this case

### *(1) Individual Capacity*

Plaintiff's  allegations against the ACDC officials in their individual capacities are construed as a claimed denial of his First and Fourteenth Amendment right to access the courts.  Prisoners have a "fundamental constitutional right of access to the courts" under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996).  Meaningful access to the courts is the touchstone, as there is no "abstract, freestanding right to a law library or legal assistance." *Id.* at 351.

To prove a denial of meaningful access to the courts, a plaintiff must demonstrate some actual injury, such as the loss or rejection of a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019). A pretrial detainee's right to access the courts is satisfied by the provision of counsel. *See Dickinson v. TX, Fort Bend Cnty.*, 325 F. App'x 389, 390 (5th Cir. 2009).

---

[6] Plaintiff alleges that his appointed counsel in the Aransas County criminal case, Mr. Defratus, also failed to provide him with the addresses despite numerous requests.  Plaintiff does not indicate that he wishes to add Mr. Defratus as a party defendant.  In any event, Plaintiff may not sue his appointed counsel as Mr. Defratus is not considered to act under the color of state law.  *See Mills v. Criminal Dist. Court, No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (concluding that court-appointed counsel are not official state actors).

"'[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *See Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

Plaintiff acknowledges that he was represented by counsel in his Aransas County criminal case. (D.E. 12, p. 2). Furthermore, an inmate's right to access the courts "encompasses only 'a reasonable opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Lewis*, 518 U.S. at 350). Plaintiff alleges no facts to show that his ability to pursue any nonfrivolous claims challenging either his current confinement or conditions of confinement has been hindered through any action taken by ACDC officials to deny Plaintiff certain addresses or to provide wrong addresses. The presence of this action belies any claim that Plaintiff has been denied meaningful access to the courts with regard to filing a § 1983 prisoner civil rights action. Plaintiff's allegations, accepted as true, fail to plausibly allege any cognizable injury or any hardship of a constitutional magnitude. *See Slayton v. Cheadle*, No. H-22-4411, 2023 WL 424832, at *5 (S.D. Tex. Jan. 26, 2023) (Hittner, J).

Accordingly, the undersigned recommends that Plaintiff's claims against Burns, Vanmeador, Solis, Aradt, Pena, and Browning in their individual capacities be dismissed with prejudice as frivolous or for failure to state a claim upon which relief can be granted.

*(2) Official Capacity*

Plaintiff's claims against the ACDC officers in their official capacities is merely another way of pleading an action against his municipal employer, Aransas County. *See Garcia v. Dallas Police Dep't*, No. 3:13-CV-1261-B-BH, 2013 WL 5433502, at \*5 (N.D. Tex. July 1, 2013), *supplemented*, 2013 WL 5433510 (N.D. Tex. July 29, 2013), *recommendation adopted*, 2013 WL 5434165 (N.D. Tex. Sept. 27, 2013) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  The undersigned, therefore, will construe Plaintiff's claims against Burns, Vanmeador, Solis, Aradt, Pena, and Browning in their official capacities as claims against Aransas County.

Counties and cities may be held liable under § 1983, but a municipality cannot be held vicariously liable for its employees' actions under a theory of respondeat superior. *See Webb v. Twn. of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019). A local government entity can be held liable under § 1983 only for constitutional harms that are directly attributable to the governmental entity itself. *See Bailey v. City of San Antonio*, No. SA-20-CV-00466-XR, 2023 WL 2147700, at \*18 (W.D. Tex. Feb. 17, 2023) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). To successfully establish municipal liability under § 1983, a plaintiff must identify "(1) an official policy (or custom), of which, (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *see also Monell*, 436 U.S. at 694.  "[I]solated unconstitutional actions by municipal employees will almost never trigger liability,"

because "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski*, 237 F.3d at 578.

The first element for municipal liability, an official policy or custom, is defined as either a "policy, statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority" or a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*). The second element is actual or constructive knowledge of such custom attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. *Id.* To satisfy the third element, a plaintiff must show that a constitutional violation occurred, and that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff has failed to plausibly allege a claim for municipal liability with regard to his claims against Aransas County. First, as discussed above, he fails to demonstrate any constitutional injury from the underlying claims, so there can be no municipal liability. *See Williams v. Burleson Cnty., Tex.*, No. A-22-CV-750-RP, 2023 WL 4833484, at *5 (W.D. Tex. Jul. 27, 2023) (citing *Whitley v. Hanna*, 726 F.3d 631, 648-49 (5th Cir. 2013)).

Second, Plaintiff's claims fail to plausibly allege all of the elements required for municipal liability under § 1983.  First, Plaintiff does not allege that any one of the named ACDC officers is a policymaker in Aransas County.  Second, Plaintiff does not allege with specific facts an official policy regarding whether and to what extent Plaintiff may communicate with officials who are not Aransas County officials.  Plaintiff's allegations lack any depth of detail to suggest that such a policy is the "moving force" behind the alleged violations of Plaintiff's constitutional rights. *Cf. Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (holding that a plaintiff must provide specific facts regarding the description of a policy and its relationship to the underlying constitutional violation).

Additionally, Plaintiff's allegations primarily reference only his own situation in the ACDC.  He does not provide in sufficient detail allegations of other incidents in which the constitutional rights of inmates have allegedly been violated with regard to limiting their communication with free world officials.  This is insufficient to allege a plausible claim for municipal liability under § 1983. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 850-51 (5th Cir. 2009) (explaining that, to show custom that fairly represents municipal policy, the plaintiff must show "sufficiently numerous prior incidents" as opposed to "isolated instances") (citation omitted); *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("Allegations of an isolated incident are not sufficient to show the existence of a custom or policy."). Plaintiff, therefore, has not plausibly alleged the existence of a

policy or custom, or that any such policy was the "moving force" behind the alleged violation of his constitutional rights.

Accordingly, the undersigned recommends that Plaintiff's municipal liability claims against Aransas County – arising from ACDC officials denying him addresses or providing wrong addresses – be dismissed with prejudice as frivolous or for failure to state a claim upon which relief can be granted.

## V.    RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned recommends that the Court:

- **DISMISS with prejudice** Plaintiff's false arrest and false imprisonment claims against the City of Rockport, the City of Aransas Pass, and Aransas County as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*;

- **DISMISS with prejudice** Plaintiff's claims against Burns, Vanmeador, Solis, Aradt, Pena, and Browning in their individual capacities – arising from their conduct in denying Plaintiff addresses or providing wrong addresses – as frivolous or for failure to state a claim upon which relief can be granted; and

- **DISMISS with prejudice** Plaintiff's municipal liability claims against Aransas County – arising from ACDC officials denying Plaintiff addresses or providing wrong addresses – as frivolous or for failure to state a claim upon which relief can be granted.

The undersigned recommends further that this dismissal **COUNTS** as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on August 24, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).